# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4082

_____

| | | |
|---|---|---|
| Ricky Ashley, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| E. Dilworth, CO-1, Maximum Security | * | Eastern District of Arkansas. |
| Unit, Arkansas Department of | * | |
| Correction, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  April 16, 1998
Filed:   June 19, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ricky Ashley brought a 42 U.S.C. § 1983 action in July 1997,  claiming that defendant prison officials caused him to suffer injury when they repeatedly placed him in proximity to inmates on his enemy alert list.  The district court denied him *in forma pauperis* (IFP) status under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and dismissed his complaint without prejudice, and Ashley appeals.  We reverse and remand for further proceedings.

In denying leave to proceed IFP, the district court found that Ashley had made the requisite poverty showing under 28 U.S.C. § 1915(a), but that he had had at least three prior complaints dismissed as frivolous, had not alleged any facts to indicate he was under imminent danger of serious physical injury, and was thus ineligible for IFP status under section 1915(g) (prisoner may not bring civil action or appeal if prisoner has had three prior actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury"). While denying Ashley leave to file his complaint IFP, the district court did grant him leave to proceed IFP on appeal. Ashley continues to argue that he is in imminent danger of physical injury by defendants' repeated placement of him around his enemies.

The *in forma pauperis* statute, 28 U.S.C. § 1915, was substantially amended by the Prison Litigation Reform Act of 1995.[1] The purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time. See Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citing McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes"). We stress that the Act does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the full ordinary filing fees sooner rather than later.

There is one exception to the "three strikes" rule: Section 1915(g) further provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed IFP (i.e., pay the filing fee in installments rather than up front) if he is under

---

[1]Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996) (codified at 28 U.S.C. § 1915 (West Supp. 1997)).

imminent danger of serious physical injury. As the statute's use of the present tense verbs "bring" and "is" demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan. Contra Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997) (proper focus must be the imminent danger faced by the inmate at the time of the alleged incident and not at the time the complaint is filed).

After a careful review of the pleadings, we agree with Ashley that he sufficiently alleged imminent danger of serious physical injury to meet the exception to the "three strikes" rule of section 1915(g). According to the sworn allegations of his amended complaint, Ashley first notified defendants in September 1993 that he was being placed near inmates on his enemy list. In June 1996, defendants threatened to transfer him so as to place him near an enemy, intending that he be harmed, and in July 1996, he actually was placed near his enemy and was attacked with a sharpened, nine-inch screwdriver. Ashley again notified defendants in May 1997 of his placement near listed enemies, and on June 28, 1997, he was again attacked by the same enemy who was then armed with a butcher knife, as a result of defendants' actions. Ashley supported the allegations of his complaint with documentary evidence, including corroborative prison disciplinary reports. In short, because Ashley has properly alleged an ongoing danger, and because his complaint was filed very shortly after the last attack, we conclude that Ashley meets the imminent danger exception in § 1915(g).

Accordingly, we reverse the judgment of the district court and remand the case for further proceedings with directions that Ashley be permitted to file his complaint pursuant to § 1915 without the full payment of the filing fee up front.

BEAM, Circuit Judge, dissenting.

I respectfully dissent from that portion of the court's opinion that will allow a prisoner to utilize section 1915(g) to assert a claim for past damages. In my view, the court today creates "a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits." In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (quotations omitted). Here, Ashley seeks compensatory and punitive damages for alleged events that are months--if not years--old, as well as declaratory and injunctive relief of a more immediate nature. Under the statute, I believe we are limited by the "three strikes" provision to the remedy of prospective relief only.

Congress enacted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997). To that end, it created a system of "monetary and procedural disincentives to the filing of meritless cases." Christiansen v. Clarke, 1998 WL 271536, *2 (8th Cir. May 29, 1998). That system withstands Constitutional scrutiny. Id. at *3.

The "three strikes" provision directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee. 28 U.S.C. § 1915(g). In passing the "three strikes" provision, members of Congress stated that the purpose of the provision is to require prisoners to pay for filing a lawsuit in the same way as nonprisoners. See Lyon, 127 F.3d at 767 (Heaney, J., dissenting). The requirement of up-front payment for repeat frivolous filers has one narrow and important exception: a prisoner who "is under imminent danger of serious physical injury" will be permitted to file in forma pauperis (IFP) and to make installment payments. 28 U.S.C. § 1915(g).

By requiring that the prisoner "is," in imminent danger of being physically harmed, the statute implies that his or her remedy is protection from such harm. In other words, by its plain language, the statute limits the relief we can offer such a prisoner to prospective relief for the actions that have caused the immediate risk of

harm. There is no authority for a wholesale consideration of issues unrelated to the threat of imminent danger. <u>But see</u> <u>Gibbs v. Roman</u>, 116 F.3d 83, 87 n.7 (3d Cir. 1997). I find no authority under this statutory exception to file a lawsuit on the installment plan seeking an award of damages for alleged actions that have happened in the past. Relevant as such actions may be as evidence of a risk of present danger, they cannot form the basis of a claim for which a prisoner can obtain IFP status under this narrow exception. Such a prisoner is, of course, free to pursue such a claim and pay for it. We are concerned here with the narrow circumstance in which a court can and should allow a prisoner who is in immediate danger of harm to proceed IFP. Accordingly, to the extent that today's decision will allow Ashley to seek damages for alleged events dating back to 1993, I respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.