# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-1983

_____

| | | |
|---|---|---|
| Beck, formerly known as David Wayne Vanderbeck, #154970, in and on behalf of all other inmates confined within the Minnesota Department of Corrections for the State of Minnesota, | * * * * * * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| Gothriel LaFleur, sued as Gothriel J. LaFleur, individually, and as the Commissioner of Corrections for the State of Minnesota (MnDOC); David Crist, individually, and as the Warden for the Minnesota Correctional Facility-Stillwater (MCF-STW); Dan Ferrise, individually, and as the Executive Director of Minnesota Correctional Industries (MinnCor), | * * * * * * * * * * * * | |
| Appellees. | * | |

_____

Submitted: February 16, 2001
Filed: July 16, 2001

_____

Before RICHARD S. ARNOLD, LAY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Beck, a Minnesota state prisoner, appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action against the prison-official defendants. He alleges defendants have unlawfully taken or deprived him and other inmates of their property, including money from their prison accounts and their prison wages, for their own personal gain. Upon the district court's initial screening of the allegations as required by 28 U.S.C. § 1915A(b)(1), the court dismissed Beck's complaint with leave to amend, giving him a series of directions on how to cure the complaint's defects. Beck subsequently filed an amended complaint. Upon screening the amended complaint, the district court ruled that Beck failed to allege a sufficient factual basis to support any claims against defendants and dismissed the action with prejudice. We affirm.

We review de novo the district court's dismissal of Beck's amended complaint. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). When ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint and afford the plaintiff all reasonable inferences to be drawn from those facts. Id. "A case is properly dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Broadus v. O.K. Indus., Inc., 226 F.3d 937, 941 (8th Cir. 2000) (internal quotations omitted). "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show a deprivation of a right, privilege, or immunity secured by the Constitution or the

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

2

laws of the United States." <u>Dunham v. Wadley</u>, 195 F.3d 1007, 1009 (8th Cir. 1999), <u>cert. denied</u>, 121 S. Ct. 60 (2000).

Beck suggests on appeal that his amended complaint alleges facts sufficient to state a constitutional claim that defendants deprived him of property without due process of law. <u>See</u> <u>Lyon v. Farrier</u>, 730 F.2d 525, 527 (8th Cir. 1984) (noting that although prisoners retain protections against the deprivation of property without due process of law, the protection is "subject to reasonable <u>limitation or retraction</u> in light of the legitimate security concerns of the institution" (internal quotations omitted)). Beck failed to allege sufficient personal involvement by any of defendants to support such a claim. <u>See</u> <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions."). The only allegation close to establishing personal involvement by any of the defendants is Beck's claim that Commissioner LaFleur and Warden Crist instituted departmental policies that somehow deprived him of personal property. The amended complaint fails, however, to identify the specific policies of which he complains or how the defendants were responsible for taking his property for their own personal gain pursuant to those policies. Beck's amended complaint also alleges that defendants altered and falsified inmate wage and tax statements, resulting in various violations of federal law, but fails to allege any personal loss that would support Beck's right to recover for those alleged violations. <u>See</u> <u>Martin</u>, 780 F.2d at 1337 ("A prisoner must allege a personal loss.").

Beck asks us in the alternative to remand the case with instructions to the district court to modify the dismissal to be without prejudice. Because Beck failed to follow the district court's detailed and explicit directions on how to cure his initial complaint and because the substance of his allegations in the amended complaint was nearly

3

identical to his initial complaint, we hold that dismissal with prejudice was appropriate. We therefore affirm the judgment of the district court.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.