# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2016EA

_____

| | | |
|---|---|---|
| James McAlphin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | On Appeal from the United |
| R. Toney, Warden, Varner Super | * | States District Court |
| Max. ADC; T. Brown, Grievance | * | for the Eastern District |
| Officer, Varner Super Max. ADC; | * | of Arkansas. |
| Ware, Dr., Varner Super Max. ADC; | * | |
| Erwin, Nurse, Varner Super | * | |
| Max. ADC; and Nettles, Nurse, | * | |
| Varner Super Max. ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2001
Filed: February 20, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


This case is about the interpretation of 28 U.S.C. § 1915(g), commonly known as the "three strikes" provision. The question presented is whether plaintiff's complaint, considered merely as a matter of pleading, sufficiently alleged "imminent

danger of serious physical injury" within the meaning of the statute. We hold that it did, and therefore reverse the order of the District Court, which dismissed the complaint before service of process.

The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision was added by amendment in 1996. Act of April 26, 1996, Pub. L. No. 104-134, § 101(a), 110 Stat. 1321-73, 1321-74, 1321-75.

It is not contested that the plaintiff has had his "three strikes." As to "imminent danger of serious physical injury," the complaint alleges as follows (we set out the relevant portions of the pleading exactly as written by plaintiff, who filed pro se):

> 2. Plantiff was placed in VSM (a half complete unit) [the reference is to Varner Super Max, a unit of the Arkansas Department of Correction] on September 13th, 2000. And although plaintiff medical file indicated he needed imedieate dental extractions he was consistently denied this because there was no dental lab at VSM. Requests were ignored by defendants Toney and Ware.

* * * *

-2-

5. Plaintiffs gums became so infected he eventually had to undergo 5 extractions — two more then originally — on October 19, 2000  The situation was so painful to plaintiff during the denial, he attempted suicide.

6. Two of the extraction originally scheduled to over 1/2 year during which time decay spread.  At time of this complaint those extractions had not been made and plaintiff is in imminent danger of serious physical injury because of spreading infection in the mouth.

7. Plaintiff herein was and is subjected to extreme pain and a deliberate indifference due to the delay in treatment and torcherous conditions imposed by defendants.

Appellee's Separate Appendix 11-12.

We are of course mindful of the rule that the well-pleaded allegations of a complaint must be taken as true before the complaint can be dismissed as insufficient on its face.  E.g., Beck v. LaFleur, 257 F.3d 764, 765 (8th Cir. 2001).  The complaint in this case alleges that five extractions have already occurred, but, construed liberally in favor of the pleader, further alleges that two extractions originally scheduled have not occurred, and that plaintiff is in imminent danger of serious physical injury because of spreading infection in his mouth.  We hold that this allegation is sufficient as a matter of law.  (Indeed, defendants, who have filed a brief in this Court at our invitation, agree with this conclusion.)

Our case of Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998) (per curiam), is of some relevance here.  In that case, the complaint was filed in 1997.  It alleged that the plaintiff had first notified defendants in 1993 that he was in danger because of being placed near inmates on his "enemy list."  In 1996, the complaint continued, the plaintiff actually was placed near an enemy and was stabbed.  He warned defendants again in 1997 of his placement near listed enemies, and, later that year, he was

stabbed again. The second stabbing incident occurred on June 28, 1997, and the complaint was filed in July of the same year. These allegations were held sufficient to charge not only past injury, but also "an ongoing danger . . .." Id. at 717. We emphasized that an allegation that a plaintiff had faced imminent danger in the past would be insufficient, but that a complaint is sufficient if it properly alleges that the plaintiff "is in imminent danger at the time of filing." Ibid. (emphasis in original). The present case is analogous. Plaintiff alleges five tooth extractions, unconstitutionally delayed, in the past, but he also alleges that he needs two more tooth extractions, that they are being delayed because of deliberate indifference to his serious medical needs, and that, as a consequence, an infection is spreading in his mouth. This allegation is sufficient. Accordingly, it was error for the District Court, before service, to dismiss this complaint without prejudice on the basis of the three-strikes provision. On remand, plaintiff should be allowed to proceed in forma pauperis, at least initially, with the filing fee to be paid in installments over a period of time. See Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam).

We express our appreciation to appointed counsel for appellant for his services.

Accordingly, the judgment must be reversed. The case will be remanded to the District Court for further proceedings not inconsistent with this opinion.

It is so ordered.

BYE, Circuit Judge, concurring in the judgment.

I cannot accept the majority's analogy to Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998) (per curiam). Ashley interpreted the "imminent danger" aspect of 28 U.S.C. § 1915(g)'s exception for suits alleging "imminent danger of serious physical injury": we held that a prisoner qualifies for the exception only "if he is in imminent danger *at the time of filing*." Ashley, 147 F.3d at 717 (emphasis in original). Ashley

had no occasion to interpret the "serious physical injury" component of § 1915(g) because it was obvious to everyone that the prisoner's alleged injury was sufficiently serious. The prisoner in <u>Ashley</u> alleged he had twice been attacked by a prison enemy, once with a sharpened, nine-inch screwdriver, and later with a butcher knife. <u>Id.</u> at 717. The facts of the present case, in which James McAlphin contends he has some form of mouth infection, pale in comparison to the outrage allegedly visited upon Ashley by prison officials.

I tend to doubt that McAlphin's allegations of a mouth infection constitute a "serious physical injury." 28 U.S.C. § 1915(g). My doubts are resolved for the moment by the warden's concession that McAlphin's allegations suffice as a matter of law to demonstrate serious physical injury. Though we might disregard the warden's concession, I am persuaded that the absence of an adversarial presentation in this case prevents our thorough and much-needed exploration of the issue. The majority wisely stops short of announcing a new test to determine when a prisoner has suffered a "serious physical injury" and holds without elaboration that McAlphin's allegations suffice as a matter of law. But I fear the majority's decision may tie our hands in later cases (when we *will* have to define "serious physical injury") by suggesting that the seemingly minor injury McAlphin suffered is serious. Relying on the warden's concession, I concur only in the judgment of the court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.