BYE, Circuit Judge,
concurring in the judgment.
I cannot accept the majority’s analogy to Ashley v. Dilworth, 147 F.3d 715 (8th Cir.1998) (per curiam). Ashley interpreted the “imminent danger” aspect of 28 U.S.C. § 1915(g)’s exception for suits alleging “imminent danger of serious physical injury”: we held that a prisoner qualifies for the exception only “if he is in imminent danger at the time of filing.” Ashley, 147 F.3d at 717 (emphasis in original). Ashley had no occasion to interpret the “serious physical injury” component of § 1915(g) because it was obvious to everyone that the prisoner’s alleged injury was sufficiently serious. The prisoner in Ashley alleged he had twice been attacked by a prison enemy, once with a sharpened, nine-inch screwdriver, and later with a butcher knife. Id. at 717. The facts of the present case, in which James McAlphin contends he has some form of mouth infection, pale in comparison to the outrage allegedly visited upon Ashley by prison officials.
I tend to doubt that McAlphin’s allegations of a mouth infection constitute a “serious physical injury.” 28 U.S.C. § 1915(g). My doubts are resolved for the moment by the warden’s concession that McAlphin’s allegations suffice as a matter of law to demonstrate serious physical injury. Though we might disregard the warden’s concession, I am persuaded that the absence of an adversarial presentation in this ease prevents our thorough and much-needed exploration of the issue. The majority wisely stops short of announcing a new test to determine when a prisoner has suffered a “serious physical injury” and holds without elaboration that McAlphin’s allegations suffice as a matter of law. But I fear the majority’s decision may tie our hands in later eases (when we will have to define “serious physical injury”) by suggesting that the seemingly minor injury *712 McAIphin suffered is serious. Relying on the warden’s concession, I concur only in the judgment of the court.