# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2770

———————

Lawrence Martin,

  Plaintiff - Appellant,

v.

Roger Shelton, Lt., Maximum Security
Unit;  John Kliener, Major, Maximum
Security Unit,

  Defendants - Appellees.

\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.

———————

Submitted:  February 14, 2003

Filed:  February 24, 2003

———————

Before LOKEN, RILEY, and SMITH, Circuit Judges.

———————

LOKEN, Circuit Judge.

Arkansas inmate Lawrence Martin filed this 42 U.S.C. § 1983 action *pro se* against two members of the Arkansas Department of Correction's Maximum Security Unit staff, alleging that defendants violated his constitutional right to be free from cruel and unusual punishment by forcing him to work in thirty-degree weather without warm clothing on February 21, 2001.  Martin subsequently amended his complaint to add a claim that defendants forced him to work outside on July 26, 2001,

in humid, 98-degree weather despite his high blood pressure condition. Defendants moved for summary judgment. As to the first occasion, defendants submitted evidence that Martin came to work without warm clothing, quit working before staff could retrieve a coat for him, and was placed on disciplinary review status for refusing to work. As to the second occasion, defendants submitted evidence that Martin quit working, was again put on disciplinary review for that reason, and showed no signs of physical distress that day. Moreover, his medical records show that he saw a nurse practitioner the next day and made no complaint consistent with his allegation that he had quit working because he feared a heart attack or stroke from working in the heat.

The district court granted summary judgment dismissing the amended complaint, concluding that defendants were entitled to qualified immunity with respect to the February 2001 incident, and that Martin had failed to exhaust his prison remedies with respect to the July 2001 incident, as 42 U.S.C. § 1997e requires. Martin appeals. We affirm.

The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis*. In this case, Martin had filed at least three frivolous civil actions prior to this action, but he was permitted to proceed *in forma pauperis* in the district court and on appeal, without paying the required filing fees. In our view, this was error because he did not sufficiently allege the kind of imminent danger of serious physical injury that falls within the exception to 28 U.S.C. § 1915(g).

This Court and several other circuits have concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc) (collecting cases and overruling contrary prior Third Circuit authority). Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Id. at 315. Applying these principles, we have concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, Ashley, 147 F.3d at 717; and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002).

Here, on the other hand, Martin alleges that defendants forced him to work outside in inclement conditions on two occasions five months apart. The weather conditions on the two days were dissimilar. In each instance Martin quit working and was taken inside, out of the alleged danger, though he did suffer prison discipline for acting unilaterally. The amended complaint made no allegation of ongoing danger, other than conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition. This type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. See Abdul-Akbar, 239 F.3d at 315 n.1.

For the foregoing reasons, we conclude that Martin's amended complaint failed to satisfy the imminent-danger-of-serious-physical-injury exception to 28 U.S.C. § 1915(g) at the time he filed that complaint. Our normal disposition in these circumstances would be to remand to the district court to give Martin the opportunity to reinstate his lawsuit by paying the filing fee due in the district court (and on appeal). See Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). However, having carefully reviewed the record on appeal, we further conclude that summary judgment dismissing his claims was properly granted for the reasons stated by the district court. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.