# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1532EA

_____

James McAlphin,                             *
                                            *
          Appellant,                        *
                                            *
     v.                                     *
                                            *
R. Toney, Warden, Varner Super Max,         *   On Appeal from the United
ADC; T. Brown, Grievance Officer,           *   States District Court
Varner Super Max, ADC; Dr. Ware,            *   for the Eastern District
Varner Super Max, ADC,                      *   of Arkansas.
                                            *
          Appellees,                        *   [To Be Published]
                                            *
- Erwin, Nurse, Varner Super Max;           *
Nettles, Nurse, Varner Super Max,           *
ADC,                                        *
                                            *
          Defendants.                       *

_____

Submitted: May 18, 2004
Filed:  July 19, 2004

_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

PER CURIAM.

     James McAlphin, an Arkansas prisoner, appeals the District Court's dismissal
of his 42 U.S.C. § 1983 action for failure to exhaust his administrative remedies as

required by 42 U.S.C. § 1997e(a) (inmate cannot bring § 1983 action challenging prison conditions until available administrative remedies are exhausted). After reviewing the District Court's factual findings for clear error and its conclusions of law de novo, see Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003), we reverse.

McAlphin filed an in forma pauperis complaint against Varner SuperMax Warden Rick Toney, Grievance Officer Terri Brown, and Dr. Stanley Ware. He alleged that defendants denied him immediate dental extractions because there was no dental lab at Varner SuperMax; that Toney and Dr. Ware had "ignored his request[s]" and had not allowed him to be escorted down the hall to receive treatment at the Varner Unit infirmary (the Varner Unit was attached to Varner SuperMax); and that Toney and Brown had refused to view his situation as an emergency and had shown deliberate indifference to "problems." McAlphin's gums became so infected that five teeth — two more than originally needed — had to be extracted and two additional extractions were required. To his complaint, McAlphin attached three grievances, each fully exhausted, about his dental treatment. The District Court dismissed the complaint before service of process on the ground that McAlphin was not entitled to proceed i.f.p. because he had brought three or more prior actions that were dismissed as frivolous. See 28 U.S.C. § 1915(g). McAlphin appealed the dismissal. We remanded, concluding that, by alleging he needs two more tooth extractions and an infection is spreading in his mouth, McAlphin's complaint fell within the "imminent danger of serious physical injury" exception to § 1915(g). McAlphin v. Toney, 281 F. 3d 709 (8th Cir. 2002).

On remand, defendants moved to dismiss the complaint for failure to exhaust prison remedies, as 42 U.S.C. § 1997e(a) requires. McAlphin opposed that motion and moved to amend his complaint to add additional claims and defendants. The District Court agreed with defendants that McAlphin's original complaint alleged three separate claims: a claim that dental treatment had been denied, a claim that

Toney and Brown failed to treat McAlphin's grievances as emergency matters, and a claim that Toney and Dr. Ware refused to escort McAlphin to the Varner Unit infirmary for treatment. Concluding that McAlphin's grievances did not put Toney and Brown on notice of claims about the grievance procedure, the District Court denied McAlphin's motion to amend and dismissed the complaint without prejudice because he had not exhausted all three claims.

We agree with the District Court that a claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a). See Porter v. Nussle, 534 U.S. 516, 524 (2002). But we disagree with the Court's construction of McAlphin's complaint. We read the complaint as alleging one claim for the denial of emergency dental treatment. The allegations that Toney and Brown did not treat McAlphin's grievances as emergency matters, and that Toney and Dr. Ware refused to escort McAlphin to the nearby infirmary for emergency treatment, were part of that claim. As defendants conceded that McAlphin's denial-of-treatment claim was fully exhausted, the Court erred in dismissing the complaint for failure to exhaust.

We affirm the District Court's denial of McAlphin's motion to amend. When an inmate's right to file i.f.p. claims is subject to the "three-strikes" restriction in 28 U.S.C. § 1915(g), and the inmate is granted leave to proceed i.f.p. under the "imminent danger" exception, the i.f.p. action must be limited to imminent danger claims that have been properly exhausted. Thus, McAlphin's motion to amend to add other claims and defendants was properly denied as an abuse of the imminent danger exception. Indeed, if the inmate initially joins an exhausted imminent danger claim with other unexhausted claims, it may be both necessary and appropriate to sever the unexhausted claims so that the imminent danger claim may proceed i.f.p. to a prompt, separate disposition. See Kozohorsky, 332 F.3d at 1143-44.

The judgment is reversed, and this case is remanded for further proceedings looking to disposition on the merits.

_____