# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2508

_____

Joseph Stafford,

          Appellant,

v.

Gwen Brown, Case Manager, FCI-
Forrest City; Cathy Hicks, Camp
Administrator, FCI-Forrest City;
M. D. Morrison, Warden, FCI-Forrest
City; John Does, Unknown Named
Employees, Federal Bureau of Prisons,

          Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*
\*

_____

Submitted: November 24, 2004
Filed: December 9, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Federal inmate Joseph Stafford appeals the district court's[1] Federal Rule of Civil Procedure 12(b)(6) dismissal of his action brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to exhaust administrative remedies. Having carefully reviewed the record, see McAlphin v. Toney, 375 F.3d 753, 754 (8th Cir. 2004) (per curiam) (standard of review), we affirm.

A prisoner cannot bring a Bivens action involving prison conditions before exhausting available administrative remedies. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). We agree with the district court that Stafford failed to provide proof of exhaustion as to his claim that he was transferred to the federal correctional institution partly in retaliation for successfully helping other inmates with legal and administrative matters. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003) (when multiple prison-conditions claims have been joined, § 1997e(a)'s plain language requires that available administrative remedies be exhausted as to all claims). While the grievance he offered contained assertions that he was transferred because of racial bias, it did not address his allegation about the transfer occurring due to his law-clerk activities. As to Stafford's request for leave to amend, unlike the plaintiff in Kozohorsky, he was not specific enough as to how he intended to amend his complaint. Cf. Kozohorsky, 332 F.3d at 1143-44 (district court abused its discretion by implicitly denying motion to amend where requested amendment would have cured defect necessitating dismissal and not required additional discovery).

The district court was thus required to dismiss Stafford's complaint without prejudice. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (dismissal

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

required when inmate had not administratively exhausted before filing lawsuit). The dismissal should not, however, count as a "strike" for purposes of 28 U.S.C. § 1915(g), because Stafford alleged exhaustion in his complaint; we revise the judgment accordingly. Cf. Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996) (per curiam) (plaintiff who did not allege exhaustion of administrative remedies failed to state claim).

_____