

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2005

# Williams v. Forte

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. Forte" (2005). *2005 Decisions.* Paper 1121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-2071
_____

ANTHONY WILLIAMS,

Appellant

v.

LT. FORTE, (SCIP); JOAN A. DELIE, Health Care Administrative
(SCIP); JOSEPH GERAGI, Medical Staff (SCIP); DR. GINCHEREAU,
Medical Director (SCIP); DIANE MANSON, R.N. Supervisor
(SCIP); WILLIAM STICKMAN, Superintendent (SCIP); JOE ECSEDY,
C/O I (SCIP); DAVID GOOD, Deputy Superintendent PRC (SCIP);
CHARLES J. SIMSOM, Captain (SCIP); THOMAS E. MCCONNELL, Captain
(SCIP); BILL CARNUCHE, Counselor (SCIP); MIKE ZAKEN,
Unit Manager PRC Member (SCIP); DONALD WILLIASON,
Coordinator Diagnostic Classification Bureau of Inmate
Services PA Dept. of Corrections; THOMAS JAMES, Grievances
and Appeals Officer; H. CLIFFORD O'HARA, Office of
Professional Responsibility Director at Dept. of Corrections

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-00012)
District Judge: Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005
Before: NYGAARD, VAN ANTWERPEN AND STAPLETON, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   May 27, 2005   )

_____

OPINION

_____


PER CURIAM

   *Pro se* Appellant, Anthony Williams, who has three strikes under the Prison

Litigation Reform Act, moved to proceed *in forma pauperis* in the District Court.  The

District Court denied his motion pursuant to 28 U.S.C. § 1915(g) and dismissed his

complaint for failure to pay the filing fee, approving and adopting the recommendation of

a Magistrate Judge, who concluded that Williams did not allege that he was in imminent

danger of serious physical injury.  Appellant appeals.

   The decision of the District Court will be reversed.  Williams, who concedes that

he has three strikes under the Prison Litigation Reform Act, may not bring a complaint *in

forma pauperis* unless he was, at the time that he filed his complaint, under imminent

danger of serious physical injury.  *See* 28 U.S.C. 1915(g) (2004); *Abdul-Akbar v.

McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*).  His allegations of imminent

danger must be construed liberally in his favor.  *See Gibbs v. Cross*, 160 F.3d 962, 966

(3d Cir. 1998).  The Magistrate Judge described Williams' allegations of an injury in

August to September 2003 (months before he filed his Complaint in November 2003), his

November 2003 report to his counselor of fear for his life about his proposed transfer to a

mental hospital, and his complaints about cell assignments, mail issues, and actions

2

related to his grievances and the potential transfer. *See* Report & Recommendation at 5. In addition to these allegations, at least some of which do not suggest imminent danger of serious physical injury, the Magistrate Judge mentioned but did not explain Williams' allegations about lack of adequate medical treatment. *See id.* at 2. However, the allegations that were not fully considered are those allegations that indicate that Williams was in imminent danger of serious physical injury at the time he filed his Complaint. Williams alleged, in a claim that he continues to press on appeal, a lack of medical treatment over time for a terminal disease and a urinary tract infection and/or a sexually transmitted disease that put him in "serious pain" at the time he filed his Complaint and at present. *See* Complaint at ¶¶ 10-18. These allegations satisfy the threshold criterion of the imminent danger exception of 28 U.S.C. § 1915(g). *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). Therefore, the District Court's order will be reversed, Williams will be permitted to proceed *in forma pauperis* in the District Court, and this matter will be remanded for further proceedings. *See Gibbs*, 160 F.3d at 965, 967. *See also Gibbs v. Roman*, 116 F.3d 83, 86-7 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001) (*en banc*).