Alton D. **BROWN**

v.

Jeffrey **BEARD, et al.**

Civil Action No 06–5405.

United States District Court,
E.D. Pennsylvania.

June 27, 2007.

Campbell, Karen Elizabeth O'Brien, White & Williams LLP, Berwyn, PA, for Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the Court is Defendants' motion to vacate the Court's order granting Plaintiff's motion to proceed in forma pauperis (doc. no. 24). A decision on this motion requires the Court to determine what allegations a prisoner must make, in the denial of medical care context, to sufficiently allege that he is "under imminent danger of serious physical injury," thereby allowing him to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(g), notwithstanding the fact that he already has had three prior actions dismissed as frivolous. Because the Court determines that the plaintiff in this case, Alton D. Brown, has not sufficiently alleged that he is in imminent danger of serious physical injury, the Court will vacate its earlier order granting him IFP status.

## I. BACKGROUND

Brown initiated this action on December 8, 2006, with a motion for leave to proceed with IFP status (doc. no. 1). The Court denied Brown's motion, because he failed to file a certified copy of his prisoner account statement for the six-month period prior to the filing of his complaint on December 8, 2006, pursuant to 28 U.S.C. § 1915 (doc. no. 2). Brown applied for IFP status again, together with a prisoner account statement (doc. no. 3). On December 26, 2006, based on Brown's account statement, the Court assessed an $8.33 initial filing fee and informed Brown that he had twenty (20) days to decide whether he wanted to proceed with this case (doc.

Alton D. Brown, Graterford, PA, Pro se.

Randall J. Henzes, Office of Attorney General, Philadelphia, PA, Tracey A.

no. 5).[1] Brown timely expressed his intent to proceed (doc. no. 6) and soon thereafter, filed a motion for a temporary restraining order and preliminary injunction (doc. no. 7). The Court then entered an order granting Brown's motion to proceed with IFP status (doc. no. 8).

Defendants have now moved to vacate the order allowing Brown to proceed IFP. Because the Court concludes that Brown already has three strikes against him and has not adequately alleged that he is under imminent danger of serious physical injury, the Court will grant Defendants' motion.

## II. DISCUSSION

Whether Brown is entitled to IFP status is governed by 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this Section if the prisoner has on 3 or more occasions, while incarcerated or detained in any facility, brought an action on appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). This section was enacted as part of the Prison Litigation Reform Act ("PLRA"), which Congress passed "largely in response to concerns about the heavy volume of frivolous prisoner litigation in the federal courts." *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 312 (3d Cir.2001) (citing 141 Cong. Rec. S14408–01, S14413 (daily ed. Sept. 27, 1995)). In enacting the PLRA,

"Congress concluded that the large number of meritless prisoner claims was caused by the fact that prisoners easily obtained IFP status and hence were not subject to the same economic disincentives to filing meritless cases that face other civil litigants." *Id.* (citing 141 Cong. Rec. S7498–01, S7526 (daily ed. May 25, 1995)). To curb this trend, the PLRA instituted a number of reforms in the handling of prisoner litigation. *Id.* One of these reforms was § 1915(g), which "limits a prisoner's ability to proceed IFP if the prisoner abuses the judicial system by filing frivolous actions [on three or more prior occasions]. Prisoners may avoid the limitation in this provision, however, if they are under 'imminent danger of imminent physical injury'" at the time the complaint was filed. *Id.* (quoting 28 U.S.C. § 1915(g)).

There is no question that Brown has already run afoul of section 1915(g)'s three-strikes-and-you're-out policy. This Court's own research reveals numerous other cases dismissed against Brown for being frivolous, brought in bad faith, or failing to state a claim. *See, e.g., Brown v. Brierton, et al.,* No. 91–CV–471 (M.D.Fla. Oct. 17, 1991) (Black, J.) (doc. no. 6) (dismissing prisoner rights case for abuse of judicial process); *Brown v. Brierton,* No. 92–2030 (11th Cir. Feb. 10, 1992) (denying appeal of prisoner civil rights case because appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure since the case was dismissed without prejudice for Brown's abuse of the judicial process); *Brown v. Barton, et al.,* No. 93–CV–45 (M.D.Fla. Sep. 12, 1994) (Moore II, J.) (denying appeal of prisoner civil rights case because not taken in good faith); *Brown v. Federal*

---

**1.** A prisoner who is allowed to proceed IFP is not excused from paying filing fees, but is only excused from pre-paying them in full if they meet certain criteria. Prisoners who qualify for IFP status are required to pay by way of an initial partial fee, followed by installment payments until the entire fee is paid. *See* 28 U.S.C. § 1915(b)(1).

*Laboratories, Inc.,* No. 89–507 (M.D.Fla. 1989) (dismissing claim as frivolous); *Brown v. Blaine,* 833 A.2d 1166 (Pa. Commw.Ct.2003) (affirming dismissal of certain claims for failure to state a claim upon which relief could be granted); *Brown v. Johnson,* No. 02–4891 (Pa. Commw. Ct. Allegheny Cty. Apr. 1, 2002) (dismissing claim as frivolous); *Brown v. Ashmun, et al.,* No. 02–5523 (Pa. Commw. Ct. Allegheny Cty. Apr. 4, 2002) (dismissing libel claim as frivolous); *Brown v. James,* No. 02–9037 (Pa. Commw. Ct. Allegheny Cty. June 25, 2002) (dismissing complaint for failure to state a claim upon which relief may be granted); *Brown v. Beard, et al.,* No. 02–9575 (Pa. Commw. Ct. Allegheny Cty. May 17, 2002) (dismissing habeas petition on the pleadings); *Brown v. Pa. Bd. of Corr., et al.,* No. 02–10332 (Pa. Commw. Ct. Allegheny Cty. Aug. 26, 2002) (dismissing claim as frivolous).

Numerous courts, including the Third Circuit, have denied Brown IFP status already because they found that Brown already had three strikes against him. *E.g. Brown v. Blaine, et al.,* No. 04–4618 (3d Cir. Aug. 19, 2005)(denying Brown IFP status because he had three strikes and had not adequately alleged that he was under imminent danger of serious physical injury pursuant to 28 U.S.C. Section 1915(g)); *Brown v. Blaine,* No. 03–2439 (3d Cir. Mar. 18, 2004) (same); *Brown v. Montgomery County,* No. 04–5729, 2006 WL 1997448, at *1, 2006 U.S. Dist. LEXIS 48288, at *3 (E.D.Pa. July 7, 2006) (dismissing Brown's complaint under three strikes rule and noting Brown's "litigious background"); *Brown v. P.A. Dep't of Corr.,* 913 A.2d 301, 306 (Pa. Commw.Ct.2006) (dismissing Brown's suit for three previous strikes after finding that he "is a well-qualified abusive litigator"); *Brown v. James,* 822 A.2d 128, 130 (Pa.Commw.Ct.2003) (denying request to proceed IFP because Brown had three strikes against him).

Undeterred by his previous failures, however, Brown has found a tactic to circumvent section 1915(g) that has succeeded at least once: exploiting the exception for allegations of imminent danger of bodily harm. For example, in *Brown v. Beard, et al.,* No. 04–1906, 2006 WL 891137, 2006 U.S. Dist. LEXIS 15460 (W.D.Pa. Mar. 31, 2006), Brown alleged, *inter alia,* that a prison was denying him a medically appropriate diet and proper medical treatment for a knee injury. He was granted IFP status only as to those claims. (No. 04–1906, doc. no. 5). On summary judgment, the Court adopted the Report and Recommendation of the Magistrate Judge, who had found that "there was *no merit* to the plaintiff's allegations that he had been subjected to substandard food service" and also determined that his claims regarding improper medical treatment were similarly meritless. Rep. & Rec. at 4 (doc. no. 139) (emphasis added). In fact, the Magistrate Judge found that "[w]hat the record does demonstrate[ ] is that the plaintiff has received the appropriate diet prescribed for all inmates as well as a diet which is appropriate for an individual with Hepatitis C . . . ." *Id.* at 6.

▮ Brown's allegations of imminent bodily harm in the instant case are similar to his allegations in the prior case, which were ultimately found to be meritless. Now, however, Brown adds the new allegation that he suffers from various medical conditions, for which he is not being adequately diagnosed and treated, which could contribute to heart disease and thus ultimately his death. The Third Circuit has recognized, in a non-precedential case, that the denial of appropriate medical care may, under certain circumstances, present an "imminent danger" sufficient to create

an exception to the three-strikes policy and allow a prisoner to proceed IFP. *See, e.g., Williams v. Forte,* 135 Fed.Appx. 520, 520 (3d Cir.2005) (granting IFP status to prisoner who alleged a lack of medical treatment). Here, however, Brown's allegations, on their face, show that Brown is not in imminent danger of serious physical injury.

■ Brown's allegations are summarized as follows. Brown alleges that he suffered a heart attack in December 2005. Pls.' Mot. to Reconsider at 15 (doc. no. 27). He alleges that, since then, he has been examined by medical personnel numerous times. One examination included the use of an electrocardiogram ("EKG") to test for any irregularities in his heart beat. According to Brown, medical personnel concluded that his EKG showed no "clinical significance," but Brown complains that "nothing in the records supports the claim that the EKG showed no clinical significance" and believes, instead, that he has an irregular heartbeat, based on his own reading of the EKG and speculation about its significance *Id.* at 12, 15–16A. Brown also describes the results of six recent blood cholesterol tests, which indicate that he has high cholesterol, but then complains that some of the pages of the reports of these cholesterol tests have been removed. *Id.* at 13. Brown also alleges that his blood sugar is being monitored "every three or so months," but complains that he needs to have it monitored as frequently as "once a day." *Id.* at 14. Brown alleges that he has high blood pressure, which runs in his family, but complains that some medical entries do not reflect this fact, while others do. *Id.* Finally, Brown complains that his alleged irregular heartbeat, high blood pressure, low blood sugar, high cholesterol, and the stress of incarceration could contribute to his risk of heart disease.

In other words, Brown does not dispute that he is receiving medical attention, but merely disputes the findings and quality of the treatment he is receiving. He believes that his allegations show a "vicious plan to deny [Brown] adequate medical care." *Id.* at 12. However, Brown's nitpicks with the care that he is receiving, combined with his allegations of a couple of pages of missing pages of medical records, do not show that Defendants are intentionally conspiring to deprive him of appropriate medical care. Indeed, they negate such a claim. Brown's only purported evidence of the existence of a conspiracy is the example of a prior incident where he was treated for a knee injury. *See id.* at 15. However, the treatment of Brown's knee has already been the subject of a prior lawsuit that was dismissed as meritless on summary judgment. *See Brown,* 2006 WL 891137, at *1, 2006 U.S. Dist. LEXIS 15460, at *1.[2]

The Court's decision is also informed by the fact that the Court has already held a hearing on the record regarding Brown's two motions for injunctive relief in this case. Brown participated in that hearing and was provided a full opportunity to explain his claims and present evidence to the Court. The Court also reviewed the Declaration of David Diguglielmo, the Superintendent of SCI–Graterford, where Brown is currently incarcerated, as well as numerous other records regarding Brown's alleged medical situation. Based on the evidence of record, the Court determined that Brown was not entitled to injunctive relieve because, *inter alia,* he was

---

**2.** Brown also alleges, in the instant suit, that he is not being provided a diet appropriate for a prisoner with Hepatitis C. These allegations have also already been debunked as meritless, in a prior suit, at the summary judgment stage. *Brown,* 2006 WL 891137, at *1, 2006 U.S. Dist. LEXIS 15460, at *1

not likely to prevail on the merits on his claim for improper medical treatment (doc. no. 20). The Court noted that "Plaintiff has expressed interest in submitting to the Court additional evidence, not previously submitted, in support of his motion" and invited Plaintiff to "submit any such additional evidence through the filing a motion for reconsideration." Brown filed such a motion, but he did not submit any additional evidence not previously considered by the Court. Rather, Brown largely rehashes allegations and legal arguments already made in his previous complaint and two motions for injunctive relief.[3]

■ In any event, even if Brown's allegations that Defendants were intentionally failing to monitor and treat his alleged irregular heartbeat, high blood pressure, low blood sugar, and high cholesterol had any merit, such allegations would still not satisfy the requirement that Brown allege that he is "under *imminent* danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added). As the Third Circuit has stated " '[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul–Akbar*, 239 F.3d at 315 (3d Cir.2001) (citing Webster's II New Riverside University Dictionary 611 (1984)). Here, if Brown has certain conditions that place him at risk of heart disease, that does not mean heart disease is "impending" or about to "occur at any moment." Allegations that prison medical personnel are failing to treat a prisoner's risk factors for

heart disease, even purposefully so, are still a far cry from the type of allegations of inadequate medical treatment that have been held to pose an "imminent danger of serious physical injury." *Compare* Pls.' Mot. for Reconsideration at 16B ("[H]igh blood pressure is called the 'silent killer' by the medical profession . . . , and 'kill' is exactly what defendants have in mind.";) *with Williams*, 135 Fed.Appx. at 520 (finding that "lack of medical treatment over time for a terminal disease and a urinary tract infection and/or a sexually transmitted disease that put [prisoner] in 'serious pain' at the time he filed his Complaint and at present" constituted imminent danger for purposes of IFP status).

"Congress enacted the PLRA in order to limit the filing of frivolous and vexatious prisoner lawsuits." *Abdul–Akbar*, 239 F.3d at 314. The Court cannot allow Brown to use the imminent-danger exception to circumvent Congressional policy, as expressed in Section 1915(g), to reduce the number of meritless prisoner filings and allow the meritorious filings to rise to the top.[4]

## III. CONCLUSION

Accordingly, because Brown has three strikes against him, and has failed to allege he is in imminent danger of serious physical injury, the Court will vacate its earlier order granting him IFP status.

### *ORDER*

**AND NOW,** this **27th** day of **June, 2007,** for the reasons set forth in the accompany-

---

**3.** Accordingly, the Court will also deny Brown's motion for reconsideration. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.").

**4.** In any event, "[i]t is important to note that § 1915(g) does not block a prisoner's access

to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Id.* Brown could attempt to pursue his claim in state court. "Potentially negative consequences in federal courts, as distinguished from state courts, are precisely the consequences intended by Congress." *Id.*

480

ing memorandum, it is hereby **ORDERED** that Defendants' Motion to Vacate this Court's Order Granting Plaintiff's Motion to Proceed In Forma Pauperis (doc. no. 24) is **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice** to its reassertion in accordance with the terms of this order. The Clerk of Court shall **CLOSE** this case statistically. If plaintiff pays within thirty (30) days from the date of this order the appropriate filing fee of $350, this action will be reinstated.

It is **FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (doc. no. 27) is **DENIED.**

It is **FURTHER ORDERED** that Defendants' Motion for an Extension of Time (doc. no. 28) is **DENIED as moot.**

**AND IT IS SO ORDERED.**