# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3244

_____

Ramon Hosea McGraw

*Plaintiff - Appellant*

v.

A Weekly, Warden, Grimes Unit, ADC; Doby Algernon, Inmate, ADC #95824;
Gatlin, Ms., Mental Health, Grimes Unit, ADC; Richard, Dr., Mental Health,
Grimes Unit, ADC; Wizenbok, Correctional Officer 1, Grimes Unit, ADC; Justine
M. Minor, Disciplinary Judge; Jada Lawrence, Director's Assistant; S Townsend,
Officer; Vernon R. Robertson, Major Disciplinary Administrator; Ray Naylor,
Major Disciplinary Administrator; Wendy Kelley

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: January 11, 2016
Filed: January 12, 2016
[Unpublished]

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Inmate Ramon Hosea McGraw appeals the district court's[1] order denying leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(g) (three-strikes rule), and dismissing his 42 U.S.C. § 1983 complaint arising from a May 17, 2014 incident in which he was attacked by inmate Doby Algernon. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The parties filed briefs at this court's request.[2] On appeal McGraw argues that the district court erred in denying his IFP motion, because his allegations reflected that he was in imminent danger. *See* 28 U.S.C. § 1915(g) (in no event shall inmate bring civil action or appeal judgment in civil action if he has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought action or appeal in federal court that was dismissed on ground that it is frivolous, malicious, or fails to state claim, unless he is under imminent danger of serious physical injury).

This court agrees with the district court that McGraw's August 2014 verified complaint and its exhibits, as well as his objections to the magistrate judge's report, fell short of meeting the standard for section 1915(g)'s imminent-danger exception. *See Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (reviewing de novo district court's interpretation and application of § 1915(g)); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (requisite imminent danger must exist when complaint is filed, not when alleged wrongdoing occurred; specific fact allegations of ongoing serious physical injury, or of pattern of misconduct reflecting likelihood of imminent serious physical injury, are required to invoke exception). The

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

[2]This court expresses its appreciation for the assistance of the Arkansas Attorney General in briefing this appeal although the state defendants were not served.

imminent-danger exception applies where an inmate's sworn allegations, which were supported by documentary evidence, indicated prison officials continued to place him near inmates on his enemy list despite his being stabbed twice by the same inmate enemy after first notifying the officials of his placement near his enemies. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam). However, the allegations in the instant lawsuit differ from those in *Ashley.* While McGraw's district court filings stated he had multiple inmate enemies throughout the Grimes Unit, he identified only two: Algernon, who had attacked him on May 17 after an argument, and Timothy Moore, who had assaulted him at another prison. McGraw did not state he was exposed to Algernon after the May 2014 incident, or specify how he was exposed to Moore after Moore's July 2014 transfer to the Grimes Unit. McGraw identified other inmates by last names or nicknames, but he indicated they were his enemies only because they had insulted him or made one-time threats, and he gave no indication that any inmate physically harmed him or attempted to do so after the May 2014 incident with Algernon. *See Martin*, 319 F.3d at 1050 (general assertion of imminent danger is insufficient to invoke imminent-danger exception to § 1915(g)).

The judgment of the district court is affirmed. McGraw's pending motions to submit affidavits are denied.

_____

-3-