FILED
United States Court of Appeals
Tenth Circuit

April 5, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIKEAL GLENN STINE,

    Plaintiff - Appellant,

v.

MR. JOHN OLIVER, Warden, ADX;
MR. JULIAN, Associate Warden,
ADX; MR. C. PORRO, Unit Manager,
ADX; FEDERAL BUREAU OF
PRISONS, (Agency); JOHN DOE;
UNKNOWN PERSONS; CLAY COOK,
Supervising Attorney, ADX,

    Defendants - Appellees.

No. 15-1233
(D.C. No. 1:15-CV-01293-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Mikeal Stine is a federal prisoner subject to filing restrictions in the

District of Colorado. Notwithstanding these restrictions, he filed a new suit in the

District of Colorado, claiming that federal officials had failed to provide safe

---

[*]    Mr. Stine has requested oral argument, but we conclude that oral argument
would not materially aid our consideration of the appeal. *See* Fed. R. App. P.
34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the
briefs.

    Our order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App.
P. 32.1(a); 10th Cir. R. 32.1(A).

conditions and had disregarded his serious medical needs. Mr. Stine argued that he could not comply with the filing restrictions because prison officials had destroyed his legal papers. The district court rejected this argument and summarily dismissed the action based on a failure to comply with the filing restrictions. Mr. Stine appealed[1] and sought relief from the obligation to prepay the filing fee. We excuse the prepayment obligation and affirm the dismissal.

## I.      We grant Mr. Stine leave to proceed without prepayment of the filing fee.

Like any appellant, Mr. Stine must pay the filing fee. *See* Fed. R. App. P. 3(e). We ordinarily require prepayment, but Mr. Stine claims that he does not have enough money to prepay the fee. The filing fee is $505, and he states under oath that he has only $7.42 in his prison account.[2] As a result, he seeks leave to proceed without prepayment of the filing fee.

We generally relieve appellants of the prepayment obligation when they are unable to make an immediate payment. 28 U.S.C. § 1915(a). But when prisoners have had three or more dismissals in civil actions for failure to state a valid claim or frivolousness, they must prepay the filing fee unless they show that they are in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

---

[1]     Mr. Stine also asked the district court to reconsider its dismissal. The court declined, but Mr. Stine has not appealed the denial of his request for reconsideration.

[2]     Mr. Stine's balance of $7.42 is encumbered.

2

Mr. Stine has had three or more dismissals for failure to state a valid claim or frivolousness; thus, he must show that he is in imminent danger of serious physical injury. To make this showing, he must present "specific, credible allegations of imminent danger of serious physical harm." *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001).

Mr. Stine has made this showing. He alleges that

- his teeth are infected and abscessed and
- authorities are failing to provide dental care.

He adds that he has obtained prescriptions for Sensodyne and anesthetic oral gel, but states that he cannot use his prison account to purchase these items. We conclude that these allegations suffice for a showing of an imminent danger of serious physical injury. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (stating that the standard under 28 U.S.C. § 1915(g) is satisfied by allegations of a spreading mouth infection and a need for two tooth extractions); *see also Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793-95 (10th Cir. 2012) (unpublished) (holding that Mr. Stine's allegations, involving an inability to buy medication for a chronic stomach condition, satisfied the standard under 28 U.S.C. § 1915(g)). As a result, we grant leave to proceed without prepayment of the filing fee.

## II.      The district court acted within its discretion in ordering dismissal.

The appeal involves the district court's order of dismissal based on Mr.

Stine's noncompliance with filing restrictions. Under these restrictions, Mr. Stine

could not sue until he was given leave to proceed. To obtain leave, he had to file

- a petition listing each prior lawsuit and stating each lawsuit's status and outcome and

- an affidavit verifying that he has not made the same claim in a prior lawsuit.

Mr. Stine filed a petition seeking leave to sue, but the district court found

that the petition was insufficient. We review that ruling only for an abuse of

discretion. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

Mr. Stine claims that

- the district judge should have recused because he had been named in three of Mr. Stine's earlier lawsuits and

- prison rules prevented compliance with the filing restrictions.

We reject these arguments.

Judges do not need to recuse simply because they have been sued by one of

the parties. *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977)

(stating that a "judge is not disqualified merely because a litigant sues or

threatens to sue him"). Thus, we conclude that the district judge did not abuse his

discretion in declining to recuse.

4

We also conclude that the district court acted within its discretion in applying the filing restrictions. Mr. Stine challenges the ruling based on a prison rule identifying the materials that can be kept in a cell. These materials include three cubic feet of "Legal Materials (must be active or prospective case)." Appellant's Opening Br., Attachment at 2. Relying on this limitation, Mr. Stine argued he could not provide the required list because he could not keep a history of cases over more than 30 years. R. at 4.

The district court disagreed, reasoning that Mr. Stine had not requested any of the documents needed to comply with the filing restrictions. R. at 58. The district court's skepticism ultimately proved correct, for the documents would have been available to Mr. Stine had he asked for them. Prison authorities ultimately identified five recent cases in the District of Colorado, providing the case numbers and pointing out that each case contained a list of all his prior suits. R. at 66. In addition, authorities pointed out that in one of these cases, Mr. Stine had said his attorney had compiled a list of all Mr. Stine's prior suits. *Id.*

Mr. Stine could have asked for these lists from his attorney or the Court Clerk for the District of Colorado. But there is no indication that Mr. Stine ever made such a request. As a result, the district court had the discretion to reject Mr. Stine's excuse for failing to comply with the filing restriction.

## III. Disposition

We grant leave to proceed without prepayment of the filing fee and affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6