# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BOBBY E. HAZEL,

                Plaintiff,

    v.

HARLEY G. LAPPIN, *et al.*,

                Defendants.

Civil Action No. 08-1644 (HHK)

## MEMORANDUM OPINION

Defendants move for reconsideration of the Order granting plaintiff leave to proceed *in forma pauperis* on the ground that he has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(g). *See* Mot. to Recons. the Order Granting Pl.'s Mot. for Leave to Proceed In Forma Pauperis and Mem. of P. & A. in Supp. Thereof ("Defs.' Mot.") at 1-3. In the alternative, defendants argue that the Court should exercise its discretionary authority to revoke plaintiff's *in forma pauperis* status because he is a prolific filer. *See id.* at 3-4. Until such time as the Court makes its ruling, defendants ask that "briefing on the merits of dispositive issues be stayed." Mot. to Stay at 4.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if, while incarcerated, he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). Section

1

1915(g) "is not a vehicle for determining the merits of a claim." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). It does, however, "limits courts' discretion to grant [*in forma pauperis*] status to prisoners with a track record of frivolous litigation." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428 (D.C. Cir. 2007). "The sole exception to the 'three strikes' rule of [Section] 1915(g) is where the prisoner is 'under imminent danger of serious physical injury'" at the time he files suit. *Ibrahim v. District of Columbia*, 463 F.3d at 6 (quoting 28 U.S.C. § 1915(g)).

Defendants establish that plaintiff has accumulated three strikes for purposes of Section 1915(g). *See Hazel v. Reno*, 20 F. Supp. 2d 21 (D.D.C. 1998) (dismissing complaint against all defendants under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous); *Hazel v. Fonello*, No. 98-0305 (M.D. Pa. Mar. 30, 1998) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous), *aff'd*, No. 98-7258 (3d Cir. Oct. 13, 1998) (dismissing appeal as frivolous).[1] However, defendants do not address whether plaintiff satisfies the "imminent danger" requirement.

To determine whether plaintiff meets the imminent danger requirement, the Court turns to the complaint, which is construed liberally and the allegations of which are accepted as true. *See Ibrahim v. District of Columbia*, 463 F.3d at 6 (citations omitted). On factual allegations similar to those set forth in plaintiff's complaint, the District of Columbia Circuit has held that the "failure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger,'" and that "a chronic disease that could result in serious harm or

---

[1] Plaintiff is advised that, because he has accumulated three strikes, the Court may deny him leave to proceed *in forma pauperis* in any future civil action.

even death constitutes 'serious physical injury'" for purposes of the PLRA. *Id.* at 6-7. Liberally construed, plaintiff's complaint, too, meets the imminent danger requirement.[2]

The Court concludes that plaintiff neither is barred from proceeding *in forma pauperis* under the PLRA's "three strikes" provision nor otherwise is abusing the *in forma pauperis* privilege at this time, notwithstanding the dozens of petitions, motions, and inmate grievances he has filed over the years. Accordingly, defendants' motions for reconsideration and to stay proceedings are denied without prejudice. An Order consistent with this Memorandum is issued separately.

DATE: February 4, 2009

HENRY H. KENNEDY, Jr.
United States District Judge

---

[2] Plaintiff, however, has not demonstrated that he faces imminent danger sufficient to warrant a preliminary injunction. *See* December 2, 2008 Order [Dkt. #16].