UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ANDREW GROSS, III,                      )
                                        )
              Plaintiff,                )
                                        )
      v.                                )       Civil Action No. 10-0194 (PLF)
                                        )
ERIC HOLDER, JR., *et al.*,             )
                                        )
              Defendants.               )
_____)


MEMORANDUM OPINION

Plaintiff is a federal prisoner who currently is incarcerated at the United States

Penitentiary Big Sandy in Inez, Kentucky. Plaintiff objects to his designation to a penitentiary on

the ground that the designation violates the Ex Post Facto and the Due Process Clauses of the

United States Constitution. This matter is before the Court on plaintiff's motion for injunctive

relief and defendants' motion for reconsideration of the order granting plaintiff *in forma pauperis*

status. For the reasons discussed below, the Court will revoke plaintiff's *in forma pauperis*

status, deny plaintiff's motion for injunctive relief, defer consideration of plaintiff's motion to

amend, and stay further proceedings so that plaintiff has an opportunity to pay the filing fee.


I.  PLAINTIFF IS NOT ELIGIBLE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not

proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were

dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith*

*v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). "This section is referred to as the

'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

As defendants demonstrate, *see* Mot. for Recons. at 4-5, plaintiff has accumulated more than three strikes. *See id.*, Ex. A; *Gross v. Bureau of Prisons*, No. 06-13714, 2006 WL 3694609, at *1 (E.D. Mich. Dec. 14, 2006) (denying Gross' motion to proceed without prepayment of fees because he had accrued four strikes). Plaintiff may proceed *in forma pauperis* only if he qualifies under the imminent danger exception. To make this determination, the Court looks to the complaint, construes it liberally and accepts its factual allegations as true. *See Ibrahim v. District of Columbia*, 463 F.3d at 6 (citation omitted).

Plaintiff asserts that his "life is in imminent danger . . . because [he has] to carry a knife everywhere . . . because [he is] afraid that [he] may be killed[.]" Compl. at 4. In addition, he claims that he is "forced to join gangs" and that he must "watch [his] back everyday." *Id.* Plaintiff considers himself a low-risk non-violent prisoner, and characterizes the BOP's decision to designate him to a high security facility an act of "deliberate indifference" to his safety. *Id.* Plaintiff's subjective fear for his safety, absent allegations of an actual, concrete or ongoing threat, does not demonstrate an imminent danger. *See Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420-21 (D.C. Cir. 2009) (concluding that an informant's transfer to a penitentiary known for assaults on "snitches" did not meet the imminent danger exception because the complaint did not allege an actual or ongoing threat).

The Court concludes that plaintiff has accumulated more than three strikes for

purposes of the PLRA, and that he does not qualify for *in forma pauperis* status under the imminent danger exception. Defendants' motion will be granted, and plaintiff will be given a period within which to pay the filing fee in full.

## II. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

In addition to monetary damages, plaintiff seeks an order "to temporarily and permanently enjoin Defendants from re-designating and transferring him . . . to the Maximum Prison U.S.P. Big Sandy, located in Inez, KY, or to any other 'prison or jail institution.'" Mot. for Temp. Restraining Order and for a Prelim. Inj. at 1.

Injunctive relief is an extraordinary remedy, and plaintiffs bear a substantial burden to obtain it. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). Interim injunctive relief is warranted only if plaintiff demonstrates: "(1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction." *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). Plaintiff fails to meet this standard.

For the reasons defendants set forth in their opposition, plaintiff does not demonstrate a substantial likelihood of success on the merits of his underlying claims. The Court lacks subject matter jurisdiction over plaintiff's claims under 42 U.S.C. § 1983 against defendants in their official capacities. *See Williams v. United States*, 396 F.3d 412, 415 (D.C. Cir. 2005) (affirming district court decision which declined to construe a Section 1983 claim as a

3

claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against a federal official in his individual capacity); *Clark v. Library of Cong.*, 750 F.2d 89, 103-04 (D.C. Cir. 1984) (holding that the doctrine of sovereign immunity barred a claim for money damages against the Librarian of Congress in his official capacity). Furthermore, any attack on plaintiff's conviction or sentence must be brought under 42 U.S.C. § 2255, and any challenge to the execution of his sentence must be brought under 42 U.S.C. § 2241, neither of which is properly filed in this district. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (finding that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing). Finally, an inmate has no due process liberty interest in obtaining or maintaining a particular security classification, *see Meyer v. Reno*, 911 F. Supp. 11, 16 (D.D.C. 1996), or in his designation to a particular correctional facility, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

As for irreparable harm, it does not appear that plaintiff would suffer such harm if the injunctive relief he requests is not granted. Plaintiff's designation and transfer to a penitentiary occurred before he initially filed in this action in the United States District Court for the Eastern District of Michigan in December 2009.[1]

---

[1] This matter was transferred here from the Eastern District of Michigan in January 2010.

The Court concludes that plaintiff has not demonstrated that injunctive relief is warranted here. An appropriate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 1, 2010