09-1371-cr
*United States v. Ahmad Kanan,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand ten.

PRESENT:

RALPH K. WINTER,
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA
            *Appellee*,

-v.-                                              No. 09-1371-cr

AHMAD KANAN
            *Defendant-Appellant*.

---

Nancy J. Creswell (Paul J. Van de Graaf, *on the brief*), *on behalf of* Tristram J. Coffin, United States Attorney for the District of Vermont, *for Appellee*.

Sally Wasserman, New York, NY, *for Defendant-Appellant*.

Appeal from a March 27, 2009, judgment of the United States District Court for the District of Vermont (Sessions, *J.*). UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Ahmad Kanan appeals from a March 27, 2009, judgment of the United States District Court for the District of Vermont (Sessions, *J.*), sentencing him to imprisonment for a term of 37 months on each of three counts, to run concurrently, with accompanying restitution of $214,042.42. Kanan argues that portions of the restitution were improperly calculated and that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.[1]

This Court ordinarily reviews a restitution order for abuse of discretion. *United States v. Fiore*, 381 F.3d 89, 97-98 (2d Cir. 2004). However, because Kanan objected only to the loss calculation before the district court and not to the restitution amount – and failed, moreover, to raise the issues now before us at the sentencing hearing – we review only for plain error. *See United States v. Coriaty*, 300 F.3d 244, 252 (2d Cir. 2002); *cf. United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000). Under our standard for plain-error review, "'there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights.' If these three conditions are met, 'an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Nucci*, 364 F.3d 419, 421 (2d Cir. 2004) (alteration in original) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)) (internal quotation marks omitted). An error is plain if at the time of this Court's consideration it is "clear" or "obvious." *Id.*

The first objection raised by Kanan is that the district court improperly included a loss to E*Trade of $3,306.26 in its restitution calculation without assuring that the sum had not already been accounted for. In accordance with the plea agreement, the amount of restitution was initially

---

[1]We note as an initial matter that, as both parties agree, Kanan has not through his plea agreement waived his right to appeal either the term of his sentence or the amount of his ordered restitution. *Cf. United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009).

derived from the amount of actual loss calculated in the Presentence Report ("PSR"). At the sentencing hearing, the prosecution reported an additional victim, E*Trade, and provided documentation from the victim of its loss. There was no transaction or loss that could correspond to the amount claimed by E*Trade enumerated in the PSR. Nor, given that restitution was based on actual loss, not intended or total loss, could the sum have been "double-counted"; if E*Trade were the poorer for the fraudulent transaction, the entity on the other end would not have sustained an actual loss. It was not, therefore, plain error for the district court to include this amount in the order of restitution.

Kanan also objects on two grounds to the inclusion in the restitution owed of the tax refunds he received from the Internal Revenue Service ("IRS"). Initially, he argues that the individuals in whose names the fraudulent tax returns were filed are the victims to whom restitution should be paid, rather than the IRS. This argument misconceives Kanan's scheme: any monies paid to him by the IRS were based on wholly falsified paperwork, not stolen from others. There is no credible allegation that Kanan caused the IRS to issue refunds to him that were actually owing to individuals who had not filed for them and would not have claimed them otherwise. Kanan also argues that the district court failed to resolve properly whether five refund checks, the proceeds of which were allegedly never received by the defendant, should have been included in the restitution. Because the initial objection was to the loss calculation, a point which was resolved by stipulation between the parties, the district court did not commit plain error in accepting the calculations of the PSR as to restitution.

Kanan also argues that the restitution ordered to New York and Massachusetts is not authorized by his guilty plea because he did not plead to state tax fraud. The Supreme Court held, in *Hughey v. United States*, 495 U.S. 411 (1990), that "the language and the structure of the [Victim

3

and Witness Protection Act of 1982] make plain Congress' intent to authorize an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Id.* at 413. This Court has examined *Hughey* in one major case, *United States v. Oladimeji*, 463 F.3d 152 (2d Cir. 2006), in which we held that a plea to possession with intent to defraud of unauthorized "access devices" (Social Security numbers and credit cards) permitted the district court to order restitution for losses resulting from the *use* of those credit cards. *Id.* at 158-59. This holding resulted from our determination that Congress, in defining a "victim" of the relevant offense as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern," 18 U.S.C. § 3663A(a)(2), intended to include losses "resulting from harmful acts committed in the course of inchoate crimes," *Oladimeji*, 463 F.3d at 159.

Kanan was charged with violating 18 U.S.C. § 1344, which provides that:

Whoever knowingly executes, or attempts to execute, a scheme or artifice-
(1) to defraud a financial institution; or
(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

Like the crime at issue in *Oladimeji*, this is a "scheme" crime. And "[i]t is clear under the statute that a defendant convicted of devising a scheme to defraud must be sentenced to restitution of the proceeds of the fraudulent action, even though the loss was caused not by the devising of the scheme alone but by its implementation." *Oladimeji*, 463 F.3d at 159. It is far from "clear" or "obvious," however, that filing false tax returns with the state with the result that illegally obtained checks are

4

deposited in a fake account with a financial institution is not part of the implementation of a scheme of bank fraud. We therefore find that the district court did not commit plain error in including restitution to New York and Massachusetts as part of Kanan's overall restitution.

The defendant's final argument on appeal is that the district court improperly denied him Guidelines points for acceptance of responsibility and that the overall sentence was procedurally and substantively unreasonable. We review a district court's grant or denial of acceptance of responsibility points for clear error. *See United States v. Sewell*, 252 F.3d 647, 652 (2d Cir. 2001). "[A] district court's determination in this regard should not be disturbed unless it is 'without foundation.'" *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (quoting *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994)) (internal quotation marks omitted). The district court here properly considered the arguments of the defense that Kanan was distraught and desperate and that he was moreover confused at the proffer, and nonetheless concluded that "he went to law enforcement and he didn't tell the truth." This does not rise to the level of a decision "without foundation." Moreover, the objection to the sentence with respect to procedural and substantive unreasonableness consists simply of a disagreement with the way in which the district court weighed the factors of 18 U.S.C. § 3553(a). The district court imposed a sentence that was well below the properly calculated guidelines range; in fact, it granted the defendant a four-level downward adjustment from offense level 25 on the ground that the sentence at that level was too high. Given that this Court awards district judges considerable latitude with respect to sentencing and that a sentence within the guidelines range is typically considered to be reasonable, *see United States v. Savoca*, 596 F.3d 154, 160 (2d Cir. 2010), the sentence here was reasonable and we therefore affirm it.

All arguments not otherwise discussed in this summary order are found to be moot or without merit. We note that the district court has the discretion on a motion to reconsider or amend its restitution order to consider whether to include the amounts disputed here, and may make factual findings as to whether Kanan received the proceeds of the five disputed IRS checks and whether the state tax refund checks were deposited in the banks and accounts named in Count Two of Kanan's indictment, a question on which the government's *Oladimeji* theory depends. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk