# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3748

_____

Lawrence Coleman

*Plaintiff - Appellant*

v.

Larry Crawford, Department Director; Matt Sturm, Director; Martin, CC III; Alan Earls, Division Director; Dave Dormire, Director; Paul Gore, FUM; Joe Saint, Grievance Officer; Jeff Norman, Warden; Okiron, CO I; Kelly Morris, Deputy Warden; Michael Redburn, CO I; Nina Henderson, FUM; Edward Ruppel, CCM; Joann Wilson, CCM; Conn, Sergeant; Blackmon, Sergeant; Richard Corser, Lieutenant; Scott Kintner, CCM; Dwayne Kempker, Deputy Division Director; Billy Dunbar, Assistant Warden; Baumann, CO I

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: June 24, 2014
Filed: July 17, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In September 2013, Missouri inmate Lawrence Coleman, pro se, moved for leave to proceed in forma pauperis (IFP) and filed a 42 U.S.C. § 1983 complaint against numerous Jefferson City Correctional Center (JCCC) officials. He claimed, in part, retaliation for filing internal grievances at the JCCC. The district court determined that Coleman had three strikes under 28 U.S.C. § 1915(g) and had not made a credible claim of imminent danger of serious physical injury. The court denied him leave to proceed IFP and dismissed his complaint preservice. Coleman then filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, and a supplemental document asserting additional recent facts about imminent danger. The district court summarily denied the post-judgment motion.

Coleman filed a timely notice of appeal, moving for leave to appeal IFP. In response to a show-cause order, he submitted a document referencing some of his prior allegations about imminent danger.

Upon careful review of Coleman's complaint, supplemental document, and response to the show-cause order, this court concludes that his assertions—including specific allegations that he was threatened with bodily harm by JCCC officials, forced to sign "enemy" waivers, and assaulted multiple times by other inmates—sufficiently demonstrate imminent danger for purposes of appeal. *See Martin v. Shelton,* 319 F.3d 1048, 1050-51 (8th Cir. 2003) (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (per curiam) (requisite imminent danger of serious physical injury must exist at time of the complaint filing; finding imminent danger where plaintiff alleged that defendants had threatened to, and did knowingly, place plaintiff near inmates on "enemy list," leading to violent assaults); *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (in determining whether plaintiff has satisfied imminent-danger exception for purposes of request for leave to appeal IFP, appellate court may look to complaint). This court concludes that the district court erred in denying Coleman IFP status and dismissing his complaint preservice. *See Owens v.*

*Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (de novo review of district court's interpretation and application of § 1915(g)); *Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (inquiry into whether allegations qualify for § 1915(g) exception should not be overly detailed; § 1915(g) is not vehicle for determining merits of claim, but rather only the threshold procedural question).

This court grants leave to appeal in forma pauperis, vacates the judgment of the district court, and remands for further proceedings in accordance with this opinion.

_____