Li v. Barr

BIA
Poczter, IJ
A205 625 723

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty.

PRESENT:
        DENNIS JACOBS,
        JOSÉ A. CABRANES,
        JOSEPH F. BIANCO,
            *Circuit Judges.*

_____

BOGUANG LI,
        *Petitioner,*

        v.                                    17-3889
                                              NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Keith S. Barnett, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Andrew N.
                         O'Malley, Senior Litigation
                         Counsel; Sunah Lee, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Boguang Li, a native and citizen of the People's Republic of China, seeks review of a November 2, 2017, decision of the BIA affirming a March 17, 2017, decision of an Immigration Judge ("IJ") denying asylum as a matter of discretion and granting withholding of removal. *In re Boguang Li*, No. A205 625 723 (B.I.A. Nov. 2, 2017), *aff'g* No. A205 625 723 (Immig. Ct. N.Y. City Mar. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's discretionary denial of asylum for abuse of discretion. *See* 8 U.S.C. § 1252(b)(4)(D) ("[T]he Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion."); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006). In

2

deciding whether to deny asylum as a matter of discretion, the agency considers the "totality of the circumstances" by "balancing . . . favorable and adverse factors." *Wu Zheng Huang*, 436 F.3d at 98; *see also In re H-*, 21 I. & N. Dec. 337, 347–48 (BIA 1996). "[T]he BIA has stated that '[t]he *danger of persecution* will outweigh all but the most egregious adverse factors.'" *Wu Zheng Huang*, 436 F.3d at 98 (quoting *In re Kasinga*, 21 I. & N. Dec. 357, 367 (BIA 1996)). The experience of past persecution also weighs in favor of a grant of asylum, as do "general humanitarian reasons, independent of the circumstances that led to the applicant's refugee status, such as his or her age, health, or family ties." *In re H-*, 21 I. & N. Dec. at 347–48. "Adverse factors include criminal convictions, as well as significant violations of national immigration laws and the manner of entry into this country." *Wu Zheng Huang*, 436 F.3d at 98.

The agency did not abuse its discretion in denying Li asylum as an exercise of discretion. The agency considered the factors that favored a grant of asylum, including that Li had suffered persecution in China, had lived in the United States for five years, and had paid U.S. taxes in 2014 and 2015, and also considered the negative factors of Li's

3

conviction for assault causing injury and his lack of family ties in the United States. Further, the BIA acknowledged that Li had submitted evidence to rebut the factual basis of his conviction but did not err in concluding that he had been convicted of an offense involving violence given his conviction by jury based on witness testimony of violence. *See Wu Zheng Huang*, 436 F.3d at 98.

We may consider Li's arguments that the IJ failed to take into account that Li was not a habitual offender, a terrorist or removable as a result of his conviction, and that the IJ failed to consider that Li suffered persecution in China because these arguments are "subsidiary legal arguments, or arguments by extension" of those raised before the BIA. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005). Even so, Li's arguments are without merit.

Although it is error for the agency "to treat the single factor of criminal conviction as an absolute bar" to asylum, the agency may consider a criminal conviction as a factor, regardless of whether it is a ground for removability, it is a noncitizen's only conviction, or it is unrelated to terrorism. "Because the purpose of adjustments of status is to provide worthy aliens with special relief, we see no reason

4

to prevent an IJ or the BIA from considering an applicant's anti-social conduct-whether leading to a conviction, a Youthful Offender Adjudication, or no legal judgment whatsoever-as an adverse factor in evaluating an application for discretionary relief." *Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006); *see Castro-O'Ryan v. U.S. Dep't of Immigration and Naturalization*, 847 F.2d 1307, 1313-14 (9th Cir. 1987). Further, contrary to Li's argument, the agency considered his past persecution in evaluating whether to deny asylum as a matter of discretion.

Accordingly, although Li's past persecution is a serious factor in favor of a positive exercise of discretion, the agency did not abuse its discretion when it concluded that Li's conviction for assault outweighed the positive factors and that the totality of the circumstances did not merit a positive exercise of discretion. *See Wu Zheng Huang*, 436 F.3d at 99; *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has

5

acted in an arbitrary or capricious manner." (internal citations omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court